# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID BALLINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 18-1140-JDT-cgc |
| | ) | |
| MONTALITA DOTSON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER FINDING THE COMPLAINT STATES A CLAIM AND DIRECTING CLERK TO ISSUE A THIRD-PARTY SUBPOENA

On July 30, 2018, Plaintiff David Ballinger, who is incarcerated at the Riverbend Maximum Security Institution in Nashville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, a motion to proceed *in forma pauperis*, and a motion for the appointment of counsel. (ECF Nos. 1, 2 & 3.) Ballinger sues Sergeant Montalita Dotson concerning events that allegedly occurred during his previous confinement at the Hardeman County Correctional Facility in Whiteville, Tennessee. (ECF No. 1 at PageID 2.) The Court issued an order on August 1, 2018, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) On March 25, 2019, the Court denied Ballinger's request for appointment of counsel. (ECF No. 7.)

Ballinger alleges that on May 24, 2018, while he was in segregation, he got up to get a drink of water. (ECF No. 1 at PageID 3.) Sergeant Dotson was counting the inmates in segregation, and Ballinger requested that she put him on a list for alternate food. (*Id.*) Dotson allegedly refused and told Ballinger, "[I]t's not my fucking job." (*Id.*) Dotson also refused to

allow Ballinger to speak with a higher-ranked officer, telling Ballinger, "[Y]ou got to deal with me." (*Id.*) Dotson thereafter allegedly repeatedly beat on Ballinger's cell door, turned on and off his cell light, and threatened to spray Ballinger with mace.[1]  (*Id.* at PageID 3-4.)  Ballinger responded that she could not spray him for asking to speak with a lieutenant or captain, at which time Dotson allegedly sprayed Ballinger through the food flap in his cell and stated, "[T]onight my last night anyway [sic]."[2]  (ECF No. 1 at PageID 4; ECF No. 1-3 at PageID 15.)  Ballinger alleges, in his grievances, that he could not see after being sprayed with the mace and fell trying to get down from his bunk, injuring his back.  (ECF No. 1-1 at PageID 10; ECF No. 1-2 at PageID 12.)

Ballinger sues Sergeant Dotson in her individual capacity and seeks $100,000 in punitive damages.  (ECF No. 1 at PageID 6.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[1] Ballinger does not specify in the complaint the substance with which Dotson threatened to spray him, but in the grievances attached to the complaint Ballinger clarifies the spray was mace. (ECF No. 1-1 at PageID 10.)

[2] According to the responses to Ballinger's grievances, which he also attached to his complaint, Sergeant Dotson was fired after this incident. (ECF No. 1-4 at PageID 19, 21.)

2

677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Ballinger filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Ballinger does not state the basis for his claim against Sergeant Dotson. But his allegations appear to assert a claim of excessive force, which arises under the Eighth Amendment's prohibition of cruel and unusual punishments. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005). The subjective component of an Eighth Amendment violation requires a prisoner to demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson v. Seiter*, 501 U.S. 294, 297, 302-03 (1991).

"[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). For a claim of excessive force, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 6 (citing *Whitley*, 475 U.S. at 320-21).

Ballinger's allegations suggest that Dotson was acting to cause him harm and not to maintain or restore discipline. The Sixth Circuit has concluded that an inmate who was sprayed with "a chemical agent" after asking why he was being instructed to pack up stated an Eighth Amendment claim for excessive force. *Williams v. Curtin*, 631 F.3d 380, 384 (6th Cir. 2011);

4

*see also Roberson v. Torres*, 770 F.3d 398, 407 (6th Cir. 2014) (holding that "using a chemical agent in an initial attempt to wake a sleeping prisoner, without apparent necessity and in the absence of mitigating circumstances, violates clearly established law" under the Eighth Amendment). Those Plaintiffs alleged that the compound with which they were sprayed caused them to cough, choke, and/or gasp for oxygen. *See Williams*, 631 F.3d at 382; *Roberson v. Torres*, No. 09-12927, 2013 WL 979446, at *2 (E.D. Mich. Mar. 13, 2013).

Ballinger alleges that Sergeant Dotson banged on his cell door, turned on and off his cell light, and eventually sprayed him with mace for asking to speak with a different officer. In his complaint, Ballinger alleges only that Sergeant Dotson's actions were "aggravating." (ECF No. 1 at PageID 4.) He does not allege that he suffered any injury. However, in the grievances he attached to, and refers to in, his complaint, Ballinger alleged that the mace burned his eyes and blurred his vision, causing him to fall out of his bunk and injure his back. (ECF No. 1-1 at PageID 10; ECF No. 1-2 at PageID 12; ECF No. 1-3 at PageID 15.) Taking those allegations into account, Ballinger has sufficiently stated a claim of excessive force against Sergeant Dotson.

Though Ballinger has stated a valid claim against Defendant Dotson, process cannot be issued at this time. The grievance responses attached to the complaint indicate Dotson was terminated from her employment at the HCCF, and Ballinger has provided no information as to where she may be located. As Ballinger remains incarcerated, he cannot reasonably be expected to obtain that information. Therefore, it is the Court's responsibility to ensure that process is served, if possible. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

The Clerk is DIRECTED to issue a third-party subpoena for CoreCivic and deliver it to the U.S. Marshal for service, along with a copy of this order. The subpoena shall direct CoreCivic, 10 Burton Hills Blvd., Nashville, TN 37215, to provide to the Court, within 30 days after service

of the subpoena, either the last known home address and telephone number or the current place of employment of Montalita Dotson, who was employed as a sergeant at the Hardeman County Correctional Facility in May 2018.

Due to security and privacy concerns, any information provided by CoreCivic in compliance with the subpoena shall not be made available to Plaintiff, but shall be filed by the Clerk *ex parte* and under seal. If CoreCivic provides sufficient information regarding Defendant Dotson's present location, the Clerk shall issue process and deliver it to the Marshal for service.
IT IS SO ORDERED.

     s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE