IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DAVID BALLINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-01140-SHM-cgc |
| ) | |
| MONTALITA DOTSON, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING SUMMARY JUDGMENT**

This is a prisoner's rights case. Plaintiff David Ballinger ("Ballinger") brings an Eighth Amendment excessive force claim against Defendant Montalita Dotson ("Dotson") under 42 U.S.C. § 1983. (ECF No. 1.) Before the Court is Dotson's Motion for Summary Judgment. (ECF No. 36.) For the following reasons, the Motion is GRANTED.

**I.   Background**

Ballinger is an inmate of the Tennessee Department of Correction ("TDOC") and is currently confined at the Riverbend Maximum Security Institution. Ballinger was previously confined at the Hardeman County Correctional Facility ("HCCF"). Dotson was a sergeant at HCCF. On July 30, 2018, Ballinger filed a

Complaint against Dotson asserting claims under 42 U.S.C. § 1983. (ECF No. 1.) On October 10, 2019, the Court decided that Ballinger's Complaint adequately alleged an Eighth Amendment excessive force claim against Dotson. (ECF. No. 10.)

The Complaint alleges that on May 24, 2018, Dotson was counting the inmates in the HCCF segregation unit. (ECF No. 1, PageID 3.) Ballinger was housed in the segregation unit. (ECF No. 1, PageID 3.) Ballinger asked Dotson to put him on a list for alternate food. (ECF No. 1, PageID 3.) Dotson allegedly refused the request and refused to allow Ballinger to speak with a higher-ranked officer. (ECF No. 1, PageID 3.) Dotson then allegedly beat on Ballinger's door, turned his cell lights on and off, and threated to spray Ballinger with mace. (ECF No. 1, PageID 3-4.) Ballinger responded that Dotson could not spray him for asking to speak with a higher-ranked officer. Dotson then allegedly sprayed Ballinger with mace. (ECF No. 1, PageID 4.) Ballinger filed a grievance about the incident on May 30, 2018. (ECF No. 1-3, PageID 14.)

Dotson filed the Motion for Summary Judgment on February 8, 2021. (ECF No. 36.) The Motion is supported by a Memorandum of Law (ECF No. 36-1), a Statement of Undisputed Facts (ECF No. 36-2), the Declaration of Montalita Dotson (ECF No. 36-3), the Declaration of Rebecca Wilson (ECF No. 36-4), and documents

attached to the Declaration of Rebecca Wilson (ECF No. 36-4, PageID 327-50).

In the Motion for Summary Judgment and supporting documents, Dotson acknowledges that she administered a burst of oleoresin capsicum ("OC") spray toward Ballinger on May 24, 2018. (ECF No. 36-2 at ¶ 12; ECF No. 36-3 at ¶ 8.) Dotson declares that she was performing the segregation count when Ballinger began to kick and throw objects at his cell door. (ECF No. 36-2 at ¶ 5; ECF No. 36-3 at ¶ 4.) Dotson declares that Ballinger also began to scream derogatory comments towards her. (ECF No. 36-2 at ¶ 6; ECF No. 36-3 at ¶ 4.) Dotson gave Ballinger verbal directives to stop kicking the door and throwing objects. (ECF No. 36-2 at ¶ 6; ECF No. 36-3 at ¶ 4.) Ballinger refused to comply. (ECF No. 36-2 at ¶ 8; ECF No. 36-3 at ¶ 5.) Dotson declares that, after providing a warning, she administered the OC spay in an attempt to restore discipline. (ECF No. 36-2 at ¶ 12; ECF No. 36-3 at ¶ 8.) Dotson argues that Ballinger's excessive force claim fails as a matter of law and that Ballinger failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

## II.  Standard of Review

Under Federal Rule of Civil Procedure 56, a court shall grant a party's motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the

3

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet this burden by showing the court that the nonmoving party, having had sufficient opportunity for discovery, has no evidence to support an essential element of his case. See Fed. R. Civ. P. 56(c)(1); Asbury v. Teodosio, 412 F. App'x 786, 791 (6th Cir. 2011) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)).

When confronted with a properly-supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine dispute for trial. See Fed. R. Civ. P. 56(c). "A genuine dispute exists when the plaintiff presents significant probative evidence on which a reasonable jury could return a verdict for her." EEOC v. Ford Motor Co., 782 F.3d 753, 760 (6th Cir. 2015) (quotation marks omitted). The nonmoving party must do more than simply "show that there is some metaphysical doubt as to the material facts." Adcor Indus., Inc. v. Bevcorp, LLC, 252 F. App'x 55, 61 (6th Cir. 2007) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

A party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. See Beckett v. Ford, 384 F. App'x 435, 443 (6th Cir. 2010) (citing Celotex Corp., 477 U.S. at 324). Instead, the nonmoving party must adduce concrete evidence on which a reasonable juror could return a verdict in

4

his favor. Stalbosky v. Belew, 205 F.3d 890, 895 (6th Cir. 2000); Fed. R. Civ. P. 56(c)(1). The Court does not have the duty to search the record for such evidence. See Fed. R. Civ. P. 56(c)(3); InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989).

Although summary judgment must be used carefully, it "is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut." FDIC v. Jeff Miller Stables, 573 F.3d 289, 294 (6th Cir. 2009) (quotation marks and citations omitted).

**III. Analysis**

Under the PLRA, "No action shall be brought with respect to prison conditions under [section 1983] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). To properly exhaust a claim under the PLRA, a plaintiff must comply with prison grievance procedures. Jones v. Bock, 549 U.S. 199, 218 (2007) (citing Woodford v. Ngo,

548 U.S. 81, 88 (2006). The prison's requirements, not the PLRA, define the boundaries of exhaustion. Id.

Rebecca Wilson, the HCCF Grievance Chairperson, describes the HCCF grievance process in her Declaration. (ECF No. 36-4 at ¶ 4.) HCCF follows the grievance policies adopted by the TDOC. TDOC policies provide that inmates may submit a written complaint or grievance about any single behavior or action by staff or other inmates. (ECF No. 36-4 at ¶ 4.) A grievance may not address multiple issues. (ECF No. 36-4 at ¶ 8.)

The typical grievance process provides three (3) levels of review. (ECF No. 36-4 at ¶ 9.) A grievance is first reviewed by a Grievance Chairperson, who issues a response and returns the response to the inmate. (ECF No. 36-4 at ¶ 9.) If the inmate appeals the response, the Grievance Committee holds a hearing on the inmate's grievance and issues a recommendation to the Warden. (ECF No. 36-4 at ¶ 9.) After reviewing the grievance and the Committee's recommendation, the Warden makes a decision. (ECF No. 36-4 at ¶ 9.) The inmate may then appeal the Warden's decision to the Deputy Commissioner of the TDOC. (ECF No. 36-4 at ¶ 9.) The decision of the Deputy Commissioner is final and not appealable. (ECF No. 36-4 at ¶ 9.)

An inmate complaining about discrimination based on race, color, or national origin may also choose to file a Title VI complaint. (ECF No. 36-4 at ¶ 11.) The TDOC has implemented a

6

separate and distinct grievance procedure for Title VI complaints. (ECF No. 36-4 at ¶ 10.) A Title VI complaint must be filed within 180 days of the alleged discriminatory act. (ECF No. 36-4 at ¶ 11.) The Grievance Chairperson forwards the complaint to the Title VI Site Coordinator for investigation. (ECF No. 36-4 at ¶ 11.)

After completing an investigation, the Title VI Site Coordinator notifies the Grievance Chairperson of the investigation findings. (ECF No. 36-4 at ¶ 12.) The Grievance Chairperson then forwards the complaint to the Central Office Title VI Coordinator. (ECF No. 36-4 at ¶ 13.) The Central Office Title VI Coordinator decides whether a Title VI violation has occurred. (ECF No. 36-4 at ¶ 13.) The Grievance Chairperson then forwards the result to the inmate. (ECF No. 36-4 at ¶ 13.)

On receiving the result of a Title VI investigation, the inmate may appeal the result to the Assistant Commissioner of Prisons. (ECF No. 36-4 at ¶ 14.) The appeal is limited to the scope of the original complaint, and the inmate cannot raise new issues on appeal. (ECF No. 36-4 at ¶ 14.) The decision of the Assistant Commissioner is final and not appealable. (ECF No. 36-4 at ¶ 14.) An inmate who wishes to complain about a Title VI issue and a non-Title VI issue must file both a Title VI complaint and a separate, non-Title VI grievance that follows the normal grievance procedure. (ECF No. 36-4 at ¶ 15.)

The documents attached to Wilson's Declaration show that on May 30, 2018, Ballinger filed a grievance about the May 24, 2018 incident. (ECF No. 36-4, PageID 341-42.)[1] In his grievance, Ballinger claimed that Dotson had sprayed him with pepper spray, discriminated against him, and violated his Eighth Amendment rights. (ECF No. 36-4, PageID 342.) Ballinger designated the grievance a "Title 6" grievance. (ECF No. 36-4, PageID 341.) TDOC personnel investigated Ballinger's grievance according to Title VI procedures and found no Title VI violation. (ECF No. 36-4 at PageID 337-39, 344-45, 347-349.)

Dotson contends that Ballinger's May 30, 2018 grievance did not exhaust Ballinger's Eighth Amendment excessive force claim. She argues that the May 30, 2018 grievance constituted a Title VI complaint. The only issue that could be addressed in the May 30, 2018 grievance was whether Ballinger was subjected to racial discrimination. TDOC policies required that Ballinger raise Eighth Amendment excessive force claims in a separate, non-Title VI grievance. Ballinger never filed a separate, non-Title VI grievance about the May 24, 2018 incident.

Grievances designated with the words "Title 6" are Title VI complaints. See Gregory v. Morton, No. 19-1107-JDT-CGC, 2020 WL

---

[1] Ballinger filed one other grievance while at HCCF. (ECF. 36-4, PageID 327, 331-32.) That grievance made no allegation against Dotson and did not address the May 24, 2018 incident. (ECF No. 36-4, PageID 332.)

5753198, at *4 (W.D. Tenn. Sept. 25, 2020) (finding that a grievance with a "Title VI" designation was a Title VI complaint that did not exhaust the prisoner's Eighth Amendment claims). Ballinger's May 30, 2018 grievance was a Title VI complaint. Under TDOC policies, Ballinger could only raise Eighth Amendment excessive force claims in a separate, non-Title VI grievance. Ballinger never filed a separate, non-Title VI grievance. Ballinger has offered no evidence that rebuts Wilson's Declaration or the attached documents. He has not set forth facts showing that there is a genuine dispute for trial. See Fed. R. Civ. P. 56(c). Ballinger failed to exhaust administrative remedies for his Eighth Amendment excessive force claim. Dotson is entitled to judgment as a matter of law.

**IV. Conclusion**

The Motion for Summary Judgment is GRANTED. Ballinger's claim against Dotson is DISMISSED.

SO ORDERED this 15th day of March, 2022.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE